**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re: Billy Keith Doty　　　　　　　　　　　　Chapter 7
　　　　　　Debtor(s),　　　　　　　　　　　　Case No: 6:14-bk-03286-KSJ

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

> **NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 21 days from the date set forth on the proof of service attached to this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, FL, 32801, and serve a copy on the movant's attorney, Jourdán D'Arlee Neal, and Morris|Hardwick|Schneider, LLC, 6 Nashua Court, Suite D, Baltimore, MD 21221.**
>
> **If you file and serve an objection within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the objection and may grant or deny the relief requested without a hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

　　　　Bank of America, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 2430 Maywood Street, Eustis, FL 32726 (the "Property"). The facts and circumstances supporting this Motion are set forth in the Declaration in Support of Motion for Relief from Automatic Stay filed contemporaneously herewith (the "Declaration"). In further support of this Motion, Movant respectfully states:

　　　　1.　　Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 157 and § 1334, 11 U.S.C. § 362, and Fed.R.Bankr.P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

　　　　2.　　This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

4. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on March 22, 2014.

5. Upon information and belief, the Property has not been claimed exempt by the Debtor(s).

6. Upon information and belief, the Property has not been abandoned by the Trustee.

7. The Debtor(s) has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $259,120.00 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit A. Movant is an entity entitled to enforce the Note.

8. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property. A true and correct copy of the Mortgage is attached hereto as Exhibit B.

9. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage, a true and correct copy of which is attached hereto as Exhibit C.

10. The Debtor(s) statement of intent indicates the Property is to be surrendered.

11. The legal description of the Property is:

> **LOT 108, ARBOR HILLS UNIT 2, ACCORIDNG TO PLAT THEREOF RECORDED IN PLAT BOOK 35, PAGE 76, PUBLIC RECORDS OF LAKE COUNTY FLORIDA.**

The lien created by the Mortgage was duly perfected by filing of the Mortgage on March 18, 2009, in Book 03745, at Pages 1363-1377 as Instrument Number 2009028638, of the Public Records of Lake County, Florida.

12. The post-petition payment address is: PO Box 660933, Dallas, TX 75266-0933.

13. As of the petition date, the outstanding unpaid principal balance under the Note was $258,763.01.

14. The following chart sets forth the number and amount of payments due pursuant to the terms of the Note that have been missed by the Debtor(s):

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| *39* | *05/01/2009* | *07/01/2012* | *$1,335.38* | *$52,079.82* |
| *3* | *08/01/2012* | *10/01/2012* | *$1,200.80* | *$3,602.40* |
| *4* | *11/01/2012* | *02/01/2013* | *$1,439.87* | *$5,759.48* |
| *5* | *03/01/2013* | *07/01/2013* | *$1,942.85* | *$9,714.25* |
| *7* | *08/01/2013* | *02/01/2014* | *$1,820.48* | *$12,743.36* |
| *2* | *03/01/2014* | *04/01/2014* | *$1,168.70* | *$2,337.40* |

**Total: $86,236.71**

15. The estimated market value of the Property is $132,938.00. The basis for such valuation is the Lake County Property Appraiser, attached hereto as Exhibit D.

16. Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $270,000.00.

17. Cause exists for relief from the automatic stay for the following reasons:

   a. Movant's interest in the Property is not adequately protected. Movant's interest in the collateral is not protected by an adequate equity cushion.

   b. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an

      effective reorganization.

    c. The proposed surrender of movant's collateral is sufficient "cause" under 11 U.S.C. Section 362 for the Court to grant the relief sought by the Movant.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived, during which period Debtor(s) may have minimal motivation to insure, preserve or protect the Property.

4. For such other relief as the Court deems proper.

                                   By:   */s/ Jourdán D'Arlee Neal*
                                        Jourdán D'Arlee Neal  FBN: 99912
                                        R. Mark Peery FBN: 26766
                                        Morris|Hardwick|Schneider, LLC
                                        6 Nashua Court, Suite D
                                        Baltimore, MD 21221
                                        Tel:  410-284-9600
                                        Fax: 678-872-7224
                                        Email: jneal@closingsource.net
                                                mpeery@closingsource.net

File No.: FL-97013219-11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Relief has been sent by electronic or standard first class mail this  21st  day of May, 2014, to the following:

U.S. Trustee: United States Trustee - ORL7/13
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

Chapter 7 Trustee: Robert E Thomas
Post Office Box 5075
Winter Park, FL 32793-5075

Attorney for Debtor(s): David W Norris
David Norris Law
303 North Texas Avenue
Tavares, FL 32778
Email: david@davidnorrislaw.com

Debtor: Billy Keith Doty
2430 Maywood Street
Eustis, FL 32726

By:  */s/ Jourdán D'Arlee Neal*
Jourdán D'Arlee Neal  FBN: 99912
R. Mark Peery FBN: 26766
Morris|Hardwick|Schneider, LLC
6 Nashua Court, Suite D
Baltimore, MD 21221
Tel:  410-284-9600
Fax: 678-872-7224
Email: jneal@closingsource.net
mpeery@closingsource.net

File No.: FL-97013219-11